Mr. Justice Clayton
delivered the opinion of the court.
The only question involved is as to the sufficiency of the allegation of the foreign residence of the defendant below, the plaintiff in error, to justify the proceeding by publication against him. The bill states that McKiernan is a citizen of Louisiana. The bill is sworn to, but no affidavit is filed according to the 11th rule of the chancery court. The record says, “ upon opening the matters of this bill, it appears to the satisfaction of the court, that the defendant B. Kiernan is not an inhabitant of this state, but resides beyond the limits thereof.” The decree recites, “ that it appears from the complainant’s bill, that B. McKiernan is not a resident citizen of this state, and that publication had been made according to law, &c.” From these portions of the record — and they are all which bear upon the point — it is manifest that the only evidence to authorize the proceeding by publication is the statement contained in the bill, and that goes only to citizenship. The statute authorizes publication, in lieu of service of process, upon proof “that the defendant is out of this state.” H. & H. 522. All that is stated in this bill may be conceded to be true, and yet the defendant may have been within this state, and entirely within reach of the process of the court at the time the bill was filed. A man’s domicil, his home, the seat of his citizenship, may be in one state, and yet he may reside a large portion of his time in another. Citizenship, in cases of this kind, is not the point involved, but the liability of *378 the defendant to the process of the court. Absence from the state, so as to put him beyond the reach of service of process in the ordinary way, is what gives right to resort to publication as a substitute for service of process.
For this defect the judgment must be reversed.